IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ALTERA CORPORATION,

        Plaintiff,

  v.

MOSAID TECHNOLOGIES, INC. and LSI CORPORATION,

        Defendants.
                                      /

No. C 12-0342 SI

**ORDER GRANTING PLAINTIFF'S MOTION TO CONDUCT EXPEDITED JURISDICTIONAL DISCOVERY**

Plaintiff Altera Corporation ("Altera") has filed a Motion for Leave to Conduct Expedited Jurisdictional Discovery in this patent-related suit. *See* dkt. 26. In defendant MOSAID's earlier-filed Motion to Dismiss, MOSAID argues that this Court lacks personal jurisdiction over it. *See* dkt. 35. Altera seeks discovery in order to establish that MOSAID has sufficient contacts with California to establish personal jurisdiction. *See* Pl.'s Mot at 2. To that end, Altera has propounded numerous interrogatories, requests for production ("RFPs"), and Rule 30(b)(6) deposition topics related to MOSAID's California contacts. *See* Pl.'s Mot., Exs. E-G.

MOSAID does not oppose jurisdictional discovery, but opposes the scope of Altera's requests.[1] MOSAID offers its California tax returns, a 30(b)(6) deponent, and evidence summarizing MOSAID's California contacts – including MOSAID's licensing activity in California, MOSAID's patent licensing agreements with California entities, MOSAID's travel to California, and whether MOSAID has marketed or sold flash memory products in California. Altera rejects the offer of summaries as sufficient, and requests the raw data and underlying documents propounded in its requests.

---

[1] MOSAID also argues that this Court need not reach this discovery dispute, because it should transfer the case to the Eastern District of Texas, where it is involved in other litigation related to the patents-in-suit. MOSAID fully briefs that argument in its motion to dismiss. *See* dkt. 35. The Court declines to entertain the transfer request at this time, as Altera has yet to respond. The Court will address the transfer motion along with the motion to dismiss.

"Discovery should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Laub v. U.S. Dept. of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003), (*citing Butcher's Union Local No. 498 v. SDC Inv., Inc.,* 788 F.2d 535, 540 (9th Cir.1986)). Although a refusal to grant discovery to establish jurisdiction is not an abuse of discretion when "it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction," discovery should be granted when the jurisdictional facts are contested or more facts are needed. *See Wells Fargo & Co. v. Wells Fargo Express Co.,* 556 F.2d 406, 430 n. 24 (9th Cir.1977) (holding that district court abused its discretion in refusing to grant discovery on jurisdictional issue); *see also Natural Res. Def. Council v. Pena,* 147 F.3d 1012, 1024 (D.C.Cir.1998) (remanding to permit jurisdictional discovery when allegations indicated its likely utility).

Here, MOSAID's central assertion is that providing the requested discovery would be unduly burdensome. However, MOSAID has indicated that it is in the process of producing summaries of the requested information. This suggests that MOSAID has already marshaled the relevant documents and information. In most cases, producing a summary will be more burdensome than simply providing the raw documentation. Moreover, the burden MOSAID faces in producing California-related information cannot be too great in light of its claim that it has limited contacts with California. On the other hand, as indicated by the caselaw, plaintiffs are allowed to pursue jurisdictional discovery to dispute a claim of lack of personal jurisdiction. *See Laub*, 342 F.3d at 1093.

The Court GRANTS plaintiff's motion to conduct expedited jurisdictional discovery on the topics and documents requested. *See* Pl.'s Mot., Exs. E-G. The motion to dismiss is currently scheduled for hearing on June 29, 2012. Altera's opposition should be filed by **June 8, 2012**, and the reply is due by **June 15, 2012.**

**IT IS SO ORDERED.**

Dated: May 21, 2012

SUSAN ILLSTON
United States District Judge

2